**TARRANT COUNTY HOSPITAL DISTRICT a/k/a John Peter Smith Hospital; Dr. James M. O'Brien; James M. O'Brien & Associates, Relators,**

v.

**The Honorable Ken CURRY, Judge, Respondent.**

No. 95–0150.

Supreme Court of Texas.

March 16, 1995.

Greg Fitzgerald, Hurst, A.W. Arnold, III, Benton Jordan Barton, Dallas, Sullivan H. Bradley, Jr., Fort Worth, for relators.

Lowell E. Dushman, Fort Worth, for respondent.

PER CURIAM.

This original mandamus proceeding puts in issue the scope of the blood donor privilege statute. TEX. HEALTH & SAFETY CODE § 162.010(e) (1992) provides (emphasis supplied):

The court may not disclose to any other person the name of a donor *or any other*

*information that could result in the disclosure of a donor's identity,* including an address, social security number, designated recipient, or replacement donor information.

Section 162.011 also provides further safeguards against discovery which threatens "the disclosure of the name of a donor *or other information that could result in the disclosure of a donor's identity."* (Emphasis supplied.)

The underlying wrongful death suit is against a blood bank and physician for allegedly inadequate screening procedures producing the contaminated-blood AIDS-induced death of a patient receiving a transfusion. The trial court has protected the identity of blood donors by ordering information specific to identity redacted or otherwise kept confidential. The blood bank has narrowed the likely donors to Donor X, who is non compos mentis with active AIDS and whose interests are represented by a court-appointed attorney ad litem. Redacted medical records on Donor X were produced, and plaintiffs took the pseudonym-deposition of one of Donor X's sisters. The deposition testimony and certain of her medical records may suggest that Donor X knew she was HIV-positive when she donated the blood. No names of Donor X's husbands or relatives were used during the deposition, but the ages of the siblings, the locations of Donor X, her doctors' names and hospitals used, etc., were disclosed.

Plaintiffs sought the birth date of Donor X during the deposition. They contended that the birth date would further clarify the sequence of events to tend to show that the defendants should have discovered that Donor X was HIV-positive when she gave blood. Defendants and her attorney ad litem objected on the basis of the blood donor privilege statute. They contend that with the other information disclosed in the deposition, a specific birth date would effectively identify Donor X. After hearing, the Honorable Ken Curry as presiding judge ordered that the birth date of Donor X had to be disclosed. Defendants and the attorney ad litem brought this mandamus proceeding to prevent disclosure.

A majority of this Court holds that section 162.010(e) clearly applies to protect the exact date of birth from disclosure under the facts presented, and that Judge Curry's order is therefore contrary to the statute. Without hearing argument, we conditionally grant the writ of mandamus and direct Judge Curry not to allow the disclosure of the birth date of Donor X. TEX.R.APP.P. 122.